IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRES LEON RAMIREZ,** | : CIVIL ACTION NO. 1:23-CV-1503 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN WASHINGTON,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Andres Leon Ramirez, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to apply earned time credits to his sentence pursuant to the First Step Act. We will deny the petition.

**I.  Factual Background & Procedural History**

Ramirez is currently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a 120-month sentence imposed by the United States District Court for the Eastern District of Tennessee for conspiracy to distribute and possession with intent to distribute methamphetamine. (Doc. 7-1 at 3). He filed the instant petition on September 11, 2023. (Doc. 1). Ramirez asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to apply such credit to his sentence. (Id.) He alleges that the BOP has withheld FSA time credits because he is subject to an immigration detainer issued by United States Immigration and Customs Enforcement ("ICE"). (Id.)

Respondent responded to the petition on October 16, 2023, arguing that it should be denied because Ramirez is subject to a final order of removal from the United States and is thus ineligible to have earned time credits applied to his sentence under the FSA. (Doc. 7). Respondent attaches documentation from the United States Department of Homeland Security ("DHS") stating that Ramirez is subject to a final order of removal. (See Doc. 7-1 at 9, 12). Ramirez filed a reply brief on October 27, 2023, reiterating his argument that the BOP is wrongfully withholding FSA time credits due to an immigration detainer. (Doc. 8).

## II.   Discussion

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs."

Kurti v. White, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id. A prisoner is ineligible to have time credits applied toward prerelease custody or supervised release if he "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

Respondent has presented evidence that Ramirez is subject to a final order of removal from the United States. (See Doc. 7-1 at 9, 12). Because of this final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E), we cannot grant petitioner the relief he seeks. Hence, we must deny his petition.

### III. Conclusion

We will deny the petition for writ of habeas corpus. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    February 7, 2024